J-A11044-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY D. SHIELDS | : | |
| | : | |
| Shields | : | No. 1044 WDA 2022 |

Appeal from the PCRA Order Entered August 11, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002210-2015

BEFORE:  BENDER, P.J.E., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED: APRIL 26, 2023**

Anthony D. Shields (Shields) appeals from the order of the Court of Common Pleas of Erie County (PCRA court) dismissing without hearing his petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After review, we remand with instructions.

In April 2015, Shields was arrested and charged with three counts each of contraband and possession with intent to deliver (PWID) and one count of possession of a small amount of marijuana.[1]  After his first trial ended in a mistrial, Shields was retried and convicted of the above offenses and the trial court sentenced him to serve an aggregate 8.25 to 16.5 years' imprisonment.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 5123(a), 35 P.S. §§ 780-113(a)(30), (31).

On appeal, Shields challenged the sufficiency of the evidence for his PWID convictions and the discretionary aspects of his sentence. In April 2017, we affirmed his judgment of sentence. *See Commonwealth v. Shields*, 169 A.3d 1151 (Pa. Super. 2017) (unpublished memorandum).

In November 2017, Shields filed a *pro se* PCRA petition. Attorney William Hathaway was appointed as PCRA counsel and filed a "Supplement to Motion for Post Conviction Collateral Relief." In April 2018, the PCRA court issued notice of its intent to dismiss under Pa.R.Crim.P. 907 and, after receiving no response, dismissed the petition without hearing. Upon learning about the dismissal of his petition, Shields filed an untimely *pro se* notice of appeal. After this Court quashed the appeal in November 2018, Shields filed a second *pro se* PCRA petition alleging that Attorney Hathaway was ineffective for not timely appealing the dismissal of his petition. After the PCRA court reinstated Shields's collateral appeal rights *nunc pro tunc*, Attorney Hathaway filed a timely notice of appeal and appellate brief.[2]

Attorney Hathaway's brief, however, contained "numerous errors and omissions in violation of the Rules of Appellate Procedure," including failing to

---

[2] While the appeal was pending, Shields filed a *pro se* application for remand alleging that Attorney Hathaway was ineffective for never meaningfully amending his petition. Construing the application as a request to represent himself, this Court remanded for the PCRA court to hold a *Grazier* hearing. At that hearing, however, Shields informed the PCRA court that he did not wish to represent himself and that he wanted to be represented by counsel. Consequently, Attorney Hathaway continued as counsel.

provide any pertinent discussion of the issues. **See Commonwealth v. Shields**, 2019 WL 6040410, *4 (Pa. Super. 2019) (unpublished memorandum). Accordingly, we vacated the PCRA court's order dismissing Shields's petition and remanded for the appointment of new counsel to file either an amended petition or a motion to withdraw with an adequate **Turney/Finley**[3] no-merit letter. **Id**. at *5.

On remand, the PCRA court appointed Shields his second PCRA counsel, Attorney James P. Miller in February 2020. After missing his first deadline, Attorney Miller requested an extension of time *nunc pro tunc*. The trial court granted the request and extended Attorney Miller's deadline into October 2020. When Attorney Miller again failed to file anything, the PCRA court appointed Shields new counsel, Attorney Michael Harmon, and instructed him to file an amended petition or a **Turner/Finley** letter.

Attorney Harmon complied with the PCRA court's instructions and filed an amended PCRA petition raising six total claims alleging that:

> (1) trial counsel was ineffective in failing to object to the assistant district attorney's opening statement that drugs were a scourge to the community and that Shields intended to sell drugs;
>
> (2) trial counsel was ineffective in failing to object to the assistant district attorney's opening statement that Shields was on parole at the time he was arrested and taken to prison;

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

(3) direct appeal counsel was ineffective in failing to challenge the trial court allowing a juror to continue to serve after she had out-of-court communications with a Commonwealth witness, without examining the witness about the nature of the communications;

(4) trial counsel was ineffective in failing to object to the use of a Pennsylvania State Police trooper as an expert witness, when the trooper was not qualified as a witness, his testimony was not outside the scope of knowledge of a lay person, and his testimonial opinion prejudiced Shields;

(5) trial counsel was ineffective for failing to call an expert witness to counteract the trooper's expert testimony; and

(6) the trial court erred in denying Shields's motion to proceed *pro se* at his jury trial.

Amended Petition, 11/24/20, at unpaginated 2-3 (cleaned up).

In February 2021, the PCRA court issued an extensive, 18-page Rule 907 notice in which it addressed the merits of all the claims raised by Attorney Harmon in the amended petition. After receiving no response to the notice of dismissal, on August 11, 2022, the PCRA court issued its final order dismissing the amended petition without hearing.

After dismissal of his amended petition, Shields filed a timely *pro se* notice of appeal in which he also requested appointment of new counsel.[4] As a result, the PCRA court appointed the Erie County Office of the Public Defender to serve as PCRA counsel for Shields—his fourth PCRA counsel. Accordingly, after being ordered to do so, Shields's appointed public defender,

---

[4] This Court is required to docket a *pro se* notice of appeal even when a defendant is represented by counsel. ***See Commonwealth v. Williams***, 151 A.3d 621, 624 (Pa. Super 2016).

Attorney Emily Merski, filed a Pa.R.A.P. 1925(b) statement in which she raised a single issue generically alleging that "the PCRA Court committed an abuse of discretion and/or an error of law when it issued an order denying the Defendant/ Appellant post-conviction relief." Pa.R.A.P. 1925(b) Statement, 11/10/22, ¶ 20.

Unsurprisingly, in its Pa.R.A.P. 1925(a) opinion, the PCRA court found Attorney Merski's "boilerplate claim" was waived, explaining:

> The boilerplate claim is waived as vague. It is fundamental a concise statement too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all. **Commonwealth v. Reeves**, 907 A.2d 1, 2 (Pa. Super. 2006), *appeal denied*, 919 A.2d 956 (Pa. 2007). The court's review and legal analysis can be fatally impaired when the court has to guess at the issues raised. **Id**. If a concise statement is too vague, the court may find waiver. **Id**.
>
> In the 1925(b) Statement of November 10, 2022, [Shields] identifies no basis or reason(s) for the bald claim of abuse of discretion and/or legal error. The Court is unable to discern any basis or reason for the claim. [Shields's] vague claim does not contain enough information for the Court to adequately address it. Therefore, the claim is waived as vague. **See** Pa.R.A.P 1925(b)(4)(ii), (vii).

PCRA Court Opinion, 12/1/22, at 5.

On appeal, Attorney Merski reasserts the same boilerplate claim that she raised in her Pa.R.A.P. 1925(b) statement.

> Whether the PCRA court erred when it denied the Appellant's PCRA petition and supplemental PCRA petition?

Brief for Shields at 3.

Before we can address the merits of this matter, we must determine whether Attorney Merski waived any such review by filing an inadequate Pa.R.A.P. 1925(b) statement. In **Commonwealth v. Parrish**, 224 A.3d 682 (Pa. 2020), our Supreme Court found that a Rule 1925(b) statement filed by PCRA counsel amounted to ineffectiveness *per se* because it was "so vague as to render all of the appellant's claims waived for purposes of th[e] appeal." **Id.** at 684. In so finding, the Court discussed the purpose of Rule 1925 and then analyzed the Rule 1925(b) statement as follows:

> [A] litigant appealing from the denial of PCRA relief is required to strictly comply with the provisions of Rule 1925(b), or his or her appellate issues are deemed to be waived. Rule 1925(b)(4)(ii) directs that "[t]he [s]tatement shall concisely identify each error that the appellant intends to assert *with sufficient detail to identify the issue to be raised for the judge*." Pa.R.A.P. 1925(b)(4)(ii) (emphasis added). As the comment to Rule 1925(b) further elaborates:
>
>> The more carefully the appellant frames the [s]tatement, the more likely it will be that the judge will be able to articulate the rationale underlying the decision and provide a basis for counsel to determine the advisability of raising that issue on appeal. Thus, counsel should begin the winnowing process when preparing the [s]tatement and *should articulate specific errors with which the appellant takes issue and why*.
>
> Pa.R.A.P. 1925(b), comment (emphasis added).
>
> The statement filed by PCRA counsel [ ] did not identify any specific legal error committed by the PCRA court in its rulings on the multifarious claims of trial counsel ineffectiveness presented in the amended PCRA petitions, nor did it even identify *which* of those rulings were being challenged on appeal. Rather, it generically and capaciously encompassed every conceivable claim of ineffective assistance of trial counsel contained in the amended PCRA petitions. As such, it forced the PCRA court to guess which of its rulings were being challenged. Accordingly, waiver of all

appellate issues is mandated by Pa.R.A.P. 1925(b)(4)(vii), which provides that "[i]ssues ... not raised in accordance with the provisions of this paragraph (b)(4) are waived."   Pa.R.A.P. 1925(b)(4)(vii).

*Id.* at 700 (emphasis in original).  The ***Parrish*** Court concluded that whenever counsel "takes *any* action that wholly deprives his or her client of the right to appellate review of collateral claims, counsel will be deemed to be ineffective *per se*."  ***Id.*** at 701 (emphasis in original).

After review, we find that Attorney Merski has entirely deprived Shields of his right to a PCRA appeal.  As discussed, the amended PCRA petition raised six distinct claims, including five claims of ineffective assistance of counsel.  Despite the PCRA court addressing the merits of each claim in its Rule 907 notice, Attorney Merski did not identify which of the six claims (if not all) she was claiming the PCRA court erred in not only denying relief, but also an evidentiary hearing.  Instead, by vaguely asserting that the PCRA court erred in denying relief, Attorney Merski has rendered *per se* ineffective assistance of counsel forfeiting Shields's right to appellate review of all of his collateral claims.  ***Id***. at 702.

On top of that, even if we were to find that the Pa.R.A.P. 1925(b) statement was adequate, we would still be unable to conduct any meaningful appellate review because Attorney Merski has failed to provide any meaningful discussion in her brief.  Indeed, after summarizing the background of the case and some of the relevant standards of review, she provides a single paragraph

consisting of two sentences and 65 words of argument in support of the sole claim raised above.

> [Shields] argues the claims raised as to the effectiveness of counsel all raise genuine issues of fact which, if resolved in his favor, would have entitled him to relief. The fact that neither PCRA Court bothered to explore the issues raised by [Shields] in his petitions is an abuse of discretion of the court and [Shields] argues he is entitled to relief.

Brief for Shields at 9.

As this Court has explained:

> It is well-settled that the failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119. **Commonwealth v. Beshore**, 916 A.2d 1128, 1140 (Pa. Super. 2007) (*en banc*) (citation omitted). "[A]rguments which are not appropriately developed are waived." **Lackner v. Glosser**, 892 A.2d 21, 29–30 (Pa. Super. 2006) (citations omitted). "When issues are not properly raised and developed in briefs, or when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." **Commonwealth v. Maris,** 427 Pa.Super. 566, 629 A.2d 1014, 1017 (1993). "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review that claim is waived." **In re W.H.**, 25 A.3d 330, 339 n.3 (Pa. Super. 2011).

**Commonwealth v. Taylor**, 277 A.3d 577, 590-91 (Pa. Super. 2022).

Here, Attorney Merski's argument falls well below that which would be needed to allow this Court to conduct meaningful appellate review. Attorney Merski has failed to develop any argument whatsoever or provide any meaningful discussion of relevant authority. That Attorney Merski has failed to do so does not mean that it is incumbent on this Court to then develop arguments for Shields. **See Maris**, **supra**. As a result, even if we were to

excuse the inadequate Pa.R.A.P. 1925(b) statement, we would be constrained to find that the defects in Attorney Merski's brief preclude us from being able to conduct any meaningful appellate review of this matter. Thus, the issue she attempts to raise on appeal is waived.

For these reasons, we conclude that Attorney Merski has rendered *per se* ineffective assistance of counsel by waiving all claims on appeal, thus forfeiting Shields of his opportunity for meaningful PCRA appellate review. Accordingly, we remand this matter to the PCRA court for the appointment of new counsel for Shields within 15 days from the date of this Memorandum. New counsel shall file a new Pa.R.A.P. 1925(b) statement within 21 days of appointment. We further order the trial court to file its Pa.R.A.P. 1925(a) opinion within 30 days of the date that new counsel files the Pa.R.A.P. 1925(b) statement. Thereafter, Shields shall file his appellate brief within 30 days from the date that the PCRA court files its opinion. The Commonwealth shall have 30 days from the date that Shields files his appellate brief in which to file a brief in response.

Case remanded for additional proceedings consistent with this decision. Panel jurisdiction retained.